
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE E. ALSAGER, D.O., Ph.D., as a professional licensed Osteopathic Physician and Surgeon in the State of Washington, License No. OPOOOO1485,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>BOARD OF OSTEOPATHIC MEDICINE AND SURGERY, a Washington State Agency; et al.,<br><br>  Defendants - Appellees. | No. 13-35210<br><br>D.C. No. 3:13-cv-05030-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted May 16, 2014[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior District Judge.***

The district court correctly held that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is required here. All four of the *Younger* conditions are met.

First, the Board of Osteopathic Medicine and Surgery's disciplinary proceedings are an ongoing state proceeding for purposes of *Younger*. It is true that at the time Alsager filed his federal action, the Board had not yet filed a statement of charges against him. *See* Wash. Rev. Code § 18.130.090. But it had initiated an investigation of the patient's complaint, and the beginning of that investigation marked the beginning of Washington's disciplinary proceedings. *See Partington v. Gedan*, 961 F.2d 852, 861 (9th Cir. 1992); *accord Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163–64 (10th Cir. 1999). Under the statute, compliance with the Board's requests for information is compulsory, Wash. Rev. Code § 18.130.230, and the investigation is the first part of a multi-step disciplinary process. *See id.* §§ 18.130.080, 18.130.090. Alsager's reliance on *Canatella v. California*, 304 F.3d 843 (9th Cir. 2002), is misplaced, because in that case "no affirmative action had been taken by the State [agency]" when the federal suit commenced. *Id.* at 851.

---

*** The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Second, the Board's disciplinary proceedings against Alsager implicate important state interests. We have previously held that regulating physician conduct and licensing is one such interest. *See Buckwalter v. Nevada Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012).

Third, the disciplinary proceedings afford Alsager an adequate opportunity to raise his constitutional claims. Washington's disciplinary scheme provides for judicial review in state courts, Wash. Rev. Code § 18.130.140, and the reviewing courts are authorized to consider constitutional claims. *Id.* § 34.05.570. Alsager argues that this process is insufficient to protect his constitutional interests, because it requires him to provide information to the Board (which he contends would violate his constitutional rights) or risk penalties for noncompliance. But the Supreme Court has held that judicial review of state agency decisions provides a sufficient opportunity to raise federal claims, even when the state agency may not consider those claims in the first instance. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986). Moreover, Alsager can seek a stay of any adverse Board decision pending appeal, which would allow him to litigate his constitutional claims before the Board's decision takes effect. *See* Wash. Rev. Code § 34.05.550; *see also Kenneally v. Lungren*, 967 F.2d 329, 332–33 (9th Cir. 1992) (applying California law). Under these circumstances,

Alsager has not demonstrated that Washington's procedures bar review of federal claims. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14 (1987).

Finally, Alsager's suit also satisfies the fourth *Younger* requirement, that the federal court action would "would enjoin, or have the practical effect of enjoining, ongoing state [] proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). Alsager's federal complaint seeks a declaration that the investigatory component of Washington's disciplinary process is unconstitutional and an injunction barring the use of certain information in the disciplinary proceedings. Either form of relief would "enjoin, declare invalid, or otherwise involve the federal courts" in the proceedings against him. *See Gilbertson v. Albright*, 381 F.3d 965, 970, 977–78, 981 (9th Cir. 2004) (en banc).

**AFFIRMED.**